United States District Court
District of Massachusetts

| | |
|---|---|
| In re Harvard Pilgrim Data Security Incident | ) )  Civil Action No. ) )  23-11211-NMG ) |

MEMORANDUM & ORDER

GORTON, J.

This putative class action arises out of a ransomware cybersecurity incident impacting certain Harvard Pilgrim health plans from March 28 to April 17, 2023. During the course of the breach, unauthorized individuals allegedly stole plaintiffs' data from Harvard Pilgrim's servers.

In July, 2023, this Court consolidated approximately 20 cases, all of which arose out of the Harvard Pilgrim breach, into the pending class action. The consolidation order solicited motions for appointment of interim lead counsel.

Three motions to appoint interim co-lead counsel are pending, including the motions of: 1) Attorney Danielle Perry (Docket No. 34), 2) counsel for the so-called "Joint Plaintiffs" (Docket No. 36) and 3) counsel for the so-called "Patterson Plaintiffs" (Docket No. 38). Attorney Perry also moves to be appointed to any future "executive committee," the Joint Plaintiffs move to be appointed as "co-liaison counsel" and to a

"steering committee" and the Patterson Plaintiffs move to be appointed as "co-liaison counsel" and to an "executive committee."

In cases where there are

"overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated"

appointing interim lead counsel pursuant to Fed. R. Civ. P. 23(g)(3) may be warranted. See Manual for Complex Litigation (Fourth) § 21.11. Such is the case here.

Rule 23(g)(3) does not, however, identify particular requirements for making an interim designation. Instead, courts generally refer to factors listed in Rule 23(g)(1)(A) as follows:

1) the work counsel has done in identifying or investigating potential claims;

2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

3) counsel's knowledge of the law; and

4) the resources that counsel will commit to the representation.

Furthermore, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B).

Here, all moving counsel are qualified to lead the suit. The Court concludes, however, that counsel for the Joint

Plaintiffs are best suited to assume the role of the interim co-lead counsel based on the Rule 23(g) factors by virtue of their resources, experience in data breach litigation and industry recognition in that practice area.

Moreover, the proposed leadership group avers that they have conducted considerable independent investigation of the claims and have gained the support of a simple majority of named plaintiffs. Based upon their memoranda and affidavits, the Court is satisfied that counsel for the Joint Plaintiffs will provide competent representation.

Finally, the Court will deny without prejudice the motions for appointment of liaison counsel and an executive committee but solicits a joint proposal for appointment of the same, if there is good cause to do so to facilitate the case prior to the motion to certify. The Court will convene a hearing to consider these matters.

**ORDER**

For the foregoing reasons:

1. The motion of Attorney Danielle Perry (Docket No. 34) is, with respect to her motion to be appointed interim co-lead counsel, **DENIED** and, with respect to her motion to be appointed to any future "executive committee", **DENIED** without prejudice.

2. The motion of counsel for the Joint Plaintiffs (Docket No. 36) with respect to their motion to be appointed interim co-lead counsel is, **ALLOWED**, but, with respect to their motion to be appointed liaison counsel and to any future "steering committee", **DENIED** without prejudice.

3. The motion of counsel for the Patterson Plaintiffs (Docket No. 38) is, with respect to their motion to be appointed interim co-lead counsel, **DENIED**, and, with respect to their motion to be appointed liaison counsel and to any future "executive committee", **DENIED** without prejudice.

A status conference to consider pending preliminary matters will be convened on Wednesday, April 17, 2024, at 11:00 a.m.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: March 12, 2024