# EXHIBIT E

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE HARVARD PILGRIM DATA
SECURITY INCIDENT LITIGATION

Case No. 1:23-cv-11211-NMG

This Document Relates To: All Cases

Hon. Nathaniel M. Gorton

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

WHEREAS, Plaintiffs Madeline Docanto, Justin Dyer, Svea Elaine, Ruth Kidder, Daniel Neal, Danielle Olson, Girard Patterson, Tanya Peckham, Margaret Donovan, Angela Rowntree, and Tracie Wilson ("Plaintiffs") in the above-captioned consolidated class action have applied for an order, pursuant to Federal Rule of Civil Procedure 23, preliminarily approving the Class Action Settlement Agreement entered into between Plaintiffs, on behalf of themselves and the proposed Settlement Class, and Defendants Harvard Pilgrim Health Care, Inc. ("Harvard Pilgrim") and Point32Health, Inc. ("Point32Health") (together, "Defendants"), dated February __, 2025, and this Court having reviewed the Agreement as submitted to the Court with Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"); and

WHEREAS, this Preliminary Approval Order incorporates the Agreement, and its exhibits, and the terms used herein shall have the meaning and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval;

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), upon the agreement of the Parties, and after consideration of the Agreement and its exhibits,

IT IS HEREBY ORDERED as follows:

1

1.      The Court finds that the Agreement proposed by the Parties is fair, reasonable, and adequate, and is likely to be approved at a final approval hearing such that giving notice to the Settlement Class is justified. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved pending a final hearing on the Settlement as provided herein. The Settlement meets the considerations set forth in the amended Rule 23(e), as well as *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

2.      The Settlement was negotiated with the assistance of former United States Magistrate Judge Margaret A. Nagle (Ret.), an experienced and neutral mediator jointly selected by the Parties, and appears to be the result of extensive, arm's-length negotiations between the Parties after Class Counsel and Defendants' Counsel had investigated the claims, sufficiently litigated the claims, and became familiar with the strengths and weaknesses of the claims and defenses in this Action. The Settlement appears not to be collusive, has no obvious defects, and falls within the range of reasonableness.

3.      The Court finds that it will likely certify at the final approval stage the Settlement Class for purposes of the Settlement only, consisting of:

> All individuals residing in the United States whose Personal Information was impacted by the Data Security Incident—including all individuals who were notified of the Data Security Incident.
>
> The Settlement Class specifically excludes: (1) any Judge or Magistrate Judge presiding over the Action, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of the Defendants; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; (4) any persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Parties' Counsel; and (6) any person found by a court of competent jurisdiction to be guilty under

criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Security Incident or who pleads *nolo contendere* to any such charge.

4.　The Court finds that the Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class Members; (d) the Representative Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced counsel to represent them as Class Counsel; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court therefore preliminarily certifies the proposed Settlement Class.

5.　For purposes of the Settlement only, the Court finds and determines that it will likely find, at the final approval stage, pursuant to Federal Rule of Civil Procedure Rule 23(a)(4), that Plaintiffs will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Action, and therefore appoints them as Settlement Class Representatives.

6.　For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a)(1), the Court appoints the following as Class Counsel to act on behalf of both the Settlement Class and the Settlement Class Representatives with respect to the Settlement:

John A. Yanchunis, Esq.
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, FL 33602
T: (813) 318-5169
E: jyanchunis@forthepeople.com

James J. Pizzirusso, Esq.
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, DC 20006
T: (202) 540-7200
E: jpizzirusso@hausfeld.com

7.    Simpluris is appointed as Settlement Administrator and shall administer the Notice Plan. The Settlement Administrator shall abide by the terms and conditions of the Agreement that pertain to the Settlement Administrator.

8.    Pursuant to Federal Rule Civil Procedure 23(e), the terms of the Agreement (and the Settlement provided for therein) are preliminarily approved and likely to be approved at the Final Approval Hearing because:

(A) the Representative Plaintiffs and Class Counsel have adequately represented the Settlement Class;

(B) the Settlement Agreement was negotiated at arm's length;

(C) the relief provided for the Settlement Class is adequate, taking into account:

(i)  the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing Settlement Class Member claims;

(iii) the terms of any proposed award of attorneys' fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the Settlement Agreement treats Settlement Class Members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

9.    Having reviewed the proposed Notice Plan, including the Short Notice and Long Notice submitted by the Parties as Exhibits A and B to the Agreement, the Court approves, as to form and content, such Notices for the purpose of notifying the Settlement Class as to the proposed Settlement, the Final Approval Hearing, and the rights of Settlement Class Members. Those Notices contain all of the essential elements necessary to satisfy the requirements of federal law, including the Federal Rules of Civil Procedure and federal and state due process provisions,

including the Settlement Class definition, the identities of the Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding opt-out procedures and deadlines, and the date and location of the Final Approval Hearing.

10.     The Court directs the Settlement Administrator to cause a copy of the Short Notice or Long Notice to be sent to all Settlement Class Members in accordance with the Notice Plan. The Notice Plan shall be completed before the filing of the Motion for Final Approval.

11.     The Short Notice and Long Notice shall be updated by Class Counsel and Defendants to include the correct dates and deadlines before the Notice Plan commences, based upon those dates and deadlines set by the Court herein. The Court finds and determines the Notice Plan pursuant to this Order constitutes the best notice practicable under the circumstances, constitutes due and sufficient notice of the matters set forth in the Notices to all persons entitled to receive such Notices, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law and rules.

12.     Any person falling within the definition of the Settlement Class may, upon request, be excluded or opt-out. In the event a Settlement Class Member wishes to be excluded and not to be bound by the Agreement, that person must submit a written request for exclusion to the Settlement Administrator, which shall be postmarked or submitted electronically no later than the Opt-Out Deadline. The written request for exclusion must: (i) identify the case name and number of this Action; (ii) identify the name and address of the individual seeking exclusion from the Settlement; (iii) be personally signed by the individual seeking exclusion; (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement; and (v) request exclusion only for that one individual whose personal signature appears on the request. Opt-Out

requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.

13.     Any member of the Settlement Class who timely and properly requests exclusion in compliance with the requirements described herein shall not: (i) be bound by any orders or judgments in connection with the Settlement Agreement; (ii) be entitled to any relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

14.     Any Settlement Class Member who wishes to object to the Settlement, Class Counsel's application for attorneys' fees and expenses, or Service Awards for the Settlement Class Representatives, or who wishes to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, or why a final judgment should not be entered thereon, may do so, but must proceed as set forth in this paragraph. Only a Settlement Class Member may file an objection. No Settlement Class Member or other person will be heard on such matters unless they have submitted a written objection (together with any briefs, papers, statements, or other materials the Settlement Class Member or other person wishes the Court to consider) electronically or by first-class postage prepaid to the Clerk of the Court on or before the Objection Deadline, as set forth here. The written objection must include: (a) the objector's full name, mailing address, telephone number, and email address (if any); (b) all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel; (c) the identity of all counsel (if any)

6

representing the objector who will appear at the Final Approval Hearing; (d) a list of all expert

witnesses who will be called to testify at the Final Approval Hearing in support of the objection

(if any); (e) a statement confirming whether the objector intends to personally appear and/or testify

at the Final Approval Hearing; and (f) the objector's signature (or, if represented by counsel, an

attorney's signature).

15.    Any Settlement Class Member who does not make his or her objection in the

manner and by the date set forth in this Order shall be deemed to have waived any objections and

shall be forever barred from raising such objections in this or any other action or proceeding, absent

further order of the Court.

16.    Prior to the Final Approval Hearing: (i) Class Counsel shall file with the Court and

serve on all Parties a declaration or affidavit of the Settlement Administrator certifying that the

Notice Plan was completed and providing the name of each Settlement Class Member who timely

and properly requested exclusion from the Settlement Class; and (ii) Defendants or the Settlement

Administrator shall file with the Court and serve on all Parties a declaration certifying that notice

was provided to the appropriate government entities in accordance with the Class Action Fairness

Act of 2005, 28 U.S.C. § 1715.

17.    All pretrial proceedings in this Action are stayed and suspended until further order

of this Court, except such actions as may be necessary to implement the Agreement and this

Preliminary Approval Order.

18.    Upon the entry of this Preliminary Approval Order, the Settlement Class

Representatives and all Settlement Class Members shall be provisionally enjoined and barred from

asserting any claims against Defendants and the Released Parties arising out of, relating to, or in

connection with the Released Claims prior to the Court's decision to grant Final Approval of the

7

Settlement.

19.     The Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with the Settlement, shall not be construed or deemed to be evidence of an admission or concession by Defendants of any liability or wrongdoing by Defendants or any of their affiliates, agents, representatives, vendors, or any other person or entity acting on their behalf with respect to the conduct alleged in the Action or that the litigation was properly brought as a class action, and shall not be construed or deemed to be evidence of an admission or concession that any person suffered compensable harm or is entitled to any relief with respect to the Data Security Incident at issue in this Action. Defendants may file the Agreement in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     In the event that: (a) this Court does not grant Final Approval of the Settlement as provided in the Agreement; (b) this Court does not enter the Final Approval Order in all material respects and substantial form as the Final Approval Order submitted by the Parties with the Motion for Final Approval; or (c) the Settlement does not become final for any other reason, the Agreement shall be null and void and any order or judgment entered by this Court in furtherance of the Settlement shall be vacated *nunc pro tunc*. In such a case, the Parties shall proceed in all respects as if the Agreement had not been executed; the Parties shall in no way be prejudiced in proceeding with or defending this Action; the provisional class certification effected herein will be null and void; and Defendants shall have the right to oppose and object, on any and all grounds, to certification of the Settlement Class or any other class at any future time.

21.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

22.     Class Counsel and Defendants' Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without the Court's further approval, minor form or content changes to the Notices they jointly agree are reasonable or necessary.

23.     A Final Approval Hearing will be held in the Courtroom of the Honorable Nathaniel M. Gorton, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Courtroom 4 – 3rd Floor, Boston, Massachusetts 02210 on _____, **2025 at __:__ a.m./p.m.**, to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether the Final Approval Order should be entered in substance materially the same as the Final Approval Order submitted by the Parties with the Motion for Final Approval; (c) whether to approve Class Counsel's Application for Attorneys' Fees, Expenses and Service Awards for the Settlement Class Representatives; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class (any change in date shall be posted on the Settlement Website). The hearing may be virtual, in which case the instructions to participate shall be posted on the Settlement Website. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the

Settlement Class. The Parties must file all moving papers and briefs in support of Final Approval, inclusive of Class Counsel's Application for Attorneys' Fees and Expenses and Service Awards for the Representative Plaintiffs, no later than 45 days before the original date set forth herein for the Final Approval Hearing.

24.　　Any Settlement Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, he or she will be represented by Class Counsel.

25.　　The Court hereby sets the following schedule of events:

| Event | Calendar Days Before Final Approval Hearing |
|---|---|
| **Notice Plan Complete** | _____, 2025<br>(60 days before Final Approval Hearing) |
| **Motion for Final Approval and Application for Attorneys' Fees, Expenses and Service Awards** | _____, 2025<br>(45 days before Final Approval Hearing) |
| **Opt-Out Deadline** | _____, 2025<br>(30 days before Final Approval Hearing) |
| **Objection Deadline** | _____, 2025<br>(30 days before Final Approval Hearing) |
| **Deadline to Respond to Objections** | _____, 2025<br>(15 days before Final Approval Hearing) |
| **Final Approval Hearing** | _____, 2025, at __:__ __.m. |

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
Hon. Nathaniel M. Gorton
UNITED STATES DISTRICT JUDGE