UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE HARVARD PILGRIM DATA SECURITY INCIDENT LITIGATION<br><br>This Document relates to: All Cases | Case No. 1:23-cv-11211-NMG<br><br>Hon. Nathaniel M. Gorton |

**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs Madeline Docanto, Justin Dyer, Svea Elaine, Ruth Kidder, Daniel Neal, Danielle Olson, Girard Patterson, Tanya Peckham, Margaret Donovan, Angela Rowntree, and Tracie Wilson (collectively "Plaintiffs") in the above-captioned action, hereby moves this Court for entry of an Order: (1) finally approving the proposed Class Action Settlement Agreement between Plaintiffs and Defendants Harvard Pilgrim Health Care, Inc. ("Harvard Pilgrim") and Point32Health, Inc. ("Point32Health") (collectively "Defendants") as fair, reasonable, and adequate; (2) finally certifying, for purposes of the Settlement only, the following Settlement Class:

> All individuals residing in the United States whose Personal Information was impacted by the Data Security Incident—including all individuals who were notified of the Data Security Incident.
>
> The Settlement Class specifically excludes: (1) any Judge or Magistrate Judge presiding over the Action, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of the Defendants; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; (4) any persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Parties' Counsel; and (6) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Security Incident or who pleads nolo contendere to any such charge.

(3) confirming that the notice plan approved by the Court in its April 4, 2025, Preliminary

1

Approval Order (ECF No. 99) has been fully and sufficiently effectuated; (4) finally appointing Plaintiffs as the Settlement Class Representative; (5) finally appointing Co-Lead Counsel to act on behalf of the Settlement Class and the Settlement Class Representatives with respect to the Settlement; (6) entering the proposed final judgment; and (7) granting such other and further relief as may be just and appropriate.

This Motion is based upon the record in this case as well as the concurrently filed: (1) Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Final Approval; (2) Proposed Settlement Agreement; (3) Joint Declaration of James J. Pizzirusso and John Yanchunis in Support of Plaintiffs Unopposed Motion for Final Approval; and (4) Declaration of Jacob Kamenir Regarding Notice Program, as well as any additional materials and argument that may be presented to the Court.

Dated: June 12, 2025

Respectfully Submitted,

*/s/ James J. Pizzirusso*
James J. Pizzirusso*
**HAUSFELD LLP**
1200 17th St., N.W., Suite 600
Washington, DC 20036
T: (202) 540-7200
jpizzirusso@hausfeld.com

*/s/ John Yanchunis*
John A. Yanchunis*
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, FL 33602
T: (813) 223-5505
jyanchunis@forthepeople.com

***Admitted Pro Hac Vice***

***Co-Lead Counsel for the Class***

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(a)(2), that Class Counsel has conferred in good faith with counsel for Defendants, and Defendants do not oppose this Motion.

/s/ James J. Pizzirusso

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2025, the foregoing was filed and served via the Court's CM/ECF electronic filing system and thus served on all counsel of record.

/s/ James J. Pizzirusso