## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE HARVARD PILGRIM DATA SECURITY INCIDENT LITIGATION** | **Case No. 1:23-cv-11211-NMG**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' RESPONSE
### TO OBJECTIONS OF RAJESH ANIRUDDHA BHAGAT, ALICIA DELLING, AND TORBEN KINNER

Plaintiffs Madeline Docanto, Justin Dyer, Svea Elaine, Ruth Kidder, Daniel Neal, Danielle Olson, Girard Patterson, Tanya Peckham, Margaret Donovan, Angela Rowntree, and Tracie Wilson (collectively, "Plaintiffs") respectfully submit this memorandum of law in response to the objections to the Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards filed by Rajesh Aniruddha Bhagat ("Bhagat Objection", ECF 106), Alicia Delling ("Delling Objection", ECF 107) and Torben Kinner ("Torben Objection", ECF 108) (collectively, "Objections").

### I.    INTRODUCTION

On April 4, 2025, this Court granted preliminary approval of the Settlement Agreement ("SA") resolving the present litigation (ECF 99). As a description of the relief provided to the class is necessary to address the objections, a brief description of the settlement terms is set forth below. Pursuant to the SA, Defendants have agreed to pay $16,000,000 into a non-reversionary Settlement Fund and make available three years of credit monitoring to affected Class Members, and have provided a confidential declaration describing their data security enhancements made since the Data Security Incident. S.A. ¶¶ 2.43, 4.6, 5.1.

More specifically, the Settlement offers the following benefits (ECF 102, p. 13):

a) Class Members may submit claims for compensation for documented out-of-pocket expenses incurred because of the Data Security Incident, in an amount up to $2,500. S.A. ¶ 4.2.

b) Class Members may submit claims for compensation for lost time for up to seven hours at $30 per hour. Id. ¶ 4.2.3.

c) Class Members may submit claims for compensation for fairly traceable extraordinary losses up to $35,000. Id. ¶ 4.3

d) In the alternative, and without needing to provide any detail to support any other one of the claim categories, Class Members may submit claims for compensation for an alternative pro rata cash payment estimated to be $150. Id. ¶ 4.4.

e) Finally, each Class Member is eligible to claim two years of credit monitoring and identity theft protection services. Id. ¶ 4.6.

While this substantial settlement enjoys widespread Class Member support, three individuals have filed objections. As discussed in further detail below, each Objection lacks merit. The Bhagat Objection and the Delling Objection[1] focus exclusively on Class Counsel's fee request, which they deem excessive without citing any authority or providing arguments to support their position. Bhagat and Delling's challenge to Class Counsel's fee request is also contrary to precedent in this Circuit and elsewhere.

The Kinner Objection arises from an apparently unique situation where the Objector's personal information was "posted" publicly in a newsletter by another entity (not Defendant

---

[1] The Delling Objection [DE 107] states that Delling "sent a separate request to opt out of the settlement". Although we address the substance of her Objection in this Response, Delling's Objection is invalid due to her having opted out of the class.

Harvard Pilgrim). Although unfortunate, this factual scenario does not detract from the fairness and reasonableness of the Proposed Settlement with Harvard Pilgrim.

In short, settlements are intended to fairly treat the Settlement Class and are not designed to resolve the unique circumstances of any one individual Objector. And this Settlement, as explained below and in the Motion for Final Approval, delivers real and substantial value to the Settlement Class. Objections to this Settlement and fee request should be rejected.

## II.    ARGUMENT

### a.  The Proposed Settlement Is Fair, Reasonable and Adequate

Of the three Objectors, only one Objector (Kinner) challenges the Settlement itself, while the two remaining Objectors focus exclusively on Class Counsel's fee request. Kinner's Objection lacks merit. A Settlement should not be rejected merely because it fails to satisfy every member of the class or provide everything that every class member might have wanted. *See Kincade v General Tire and Rubber Co*., 635 F2d 501, 507-08 (5th Cir 1981); *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 293 (6th Cir. 2016). Indeed, "[t]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *In re Anthem, Inc. Data Breach Litig*., 327 F.R.D. 299, 322 (N.D. Cal. 2018) (quoting *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)).

Kinner is the sole Objector to the Proposed Settlement and faces a "heavy burden" of showing that the preliminarily approved Settlement is not fair, reasonable, and adequate. *Johnson v. W2007 Grace Acquisition I, Inc*., No. 13-2777, 2015 WL 12001269, at *8 (W.D. Tenn. Dec. 4, 2015); *Levell v. Monsanto Rsch. Corp*., 191 F.R.D. 543, 550 (S.D. Ohio 2000). Kinner's Objection relates to his information being posted in a newsletter by his employer, Taylor Community ("Taylor"), a non-profit retirement community in New Hampshire, which is not a

party to this lawsuit.  Kinner asserts that Taylor's refusal "combined with the Harvard Pilgrim data breach" allegedly caused Kinner significant distress.  (ECF 108). Kinner claims the "150 dollar settlement" does not reflect the "seriousness of the harm I have experienced." *Id*.

Kinner's argument is flawed in two respects: a) the harm experienced by Kinner is, as he readily admits, at least in part caused by Community, and not by Harvard Pilgrim; and 2) the Settlement benefits are not limited to $150 dollars, and Class Members can elect a number of other forms of relief, including lost time addressing the breach, and damages of up to $35,000 if the Class Member, including Kinner, can demonstrate "fairly traceable extraordinary losses" (SA ¶4.3).  Kinner ignored the other available benefits when making his objections.

As discussed in Plaintiffs' Memorandum in Support of the Settlement, the Settlement benefits for the Court to consider here exceed the relief provided by the vast majority of data breach settlements that have received final approval. *See*, e.g., *In re Lincare Holdings Inc. Data Breach Litig*., 2024 WL 3104286, at *3 (M.D. Fla. June 24, 2024) (granting final approval to a $7.5 million settlement fund that would benefit approximately 2.9 million class members); *Sherwood, et al. v. Horizon Actuarial Services LLC*, Case No. 1:22-cv-01495 (N.D. Ga. Apr. 2, 2024) (ECF No. 94) (granting final approval to $8.73 million settlement fund that would benefit approximately 1.3 million class members); *In re Google Plus Profile Litig*., 2021 WL 242887, at *1 (N.D. Cal. Jan. 25, 2021) (granting final approval of settlement fund of $7.5 million for 161 million Google+ users whose personal information was exposed); *Perkins v. LinkedIn Corp*., 2016 WL 613255, at *2, 9 (N.D. Cal. Feb. 16, 2016) (granting final approval of $13 million settlement for class of approximately 20.8 million); *In re LinkedIn User Priv. Litig*., 309 F.R.D. 573, 582 (N.D. Cal. 2015) (granting final approval of settlement fund of $1.25 million for

approximately 6.4 million LinkedIn users); *In re Target Corp. Customer Data Sec. Breach Litig.*, No. 0:14-md-02522-PAM (D. Minn. 2015) (securing $0.15 per class member). (ECF 102)

The Settlement reflects the risks undertaken by the Class Representatives and Class Counsel. As courts across the country have frequently recognized, data breach class actions are inherently complex and "involve[ ] thorny issues regarding the emerging field of data breach litigation." *Holden v. Guardian Analytics, Inc.*, No. 2:23-CV- 2115, 2024 WL 2845392, at *5 (D.N.J. June 5, 2024); see also *Fulton-Green v. Accolade, Inc.*, No. 18-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) (recognizing data breach litigation as complex, risky, and uncertain).  Given these risks, the Settlement represents a fair and adequate compromise.

**b.   Extremely Low Number of Opt-Out Militates In Favor of Approval**

Importantly, *only one Class Member (*Delling) has opted out of the Settlement. In other words, 99.99% of the Class Members chose to remain in the Settlement Class without objecting to the Settlement—an overwhelming percentage that weighs strongly in favor of final approval. *See*, *Rolland v. Cellucci*, 191 F.R.D. 3, 6 (D. Mass. 2000) ("The proponents of a class settlement can obtain 'a strong initial presumption that the compromise is fair and reasonable' by establishing that the settlement was reached after arms-length negotiations, that the proponents' attorneys have experience in similar cases, that there has been sufficient discovery to enable counsel to act intelligently, *and that the number of objectors or their relative interest is small*.) (emphasis added); *Barnes v. FleetBoston Fin. Corp.*, No. CV 01-10395-NG, 2005 WL 8175898, at *2 (D. Mass. Dec. 22, 2005) (same); *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015) (finding the reaction of class members weighed in favor of approving the proposed class-action settlement, in case alleging LinkedIn failed to adequately protect user information for premium subscribers; only 57 had timely opted out, and only six objected); *In re*

*AT & T Mobility Wireless Data Services Sales Tax Litigation*, 789 F. Supp. 2d 935, 965 (N.D. Ill. 2011) (concluding the small amount of opposition by affected parties to a proposed settlement between mobile phone service customers and the mobile phone company supported finding that the settlement was fair, reasonable, and adequate, in a consolidated class action for alleged violations of the Internet Tax Freedom Act; only 235 out of over 32 million class members opted out, and class members filed only 10 objections with specific arguments).

### c.  Class Counsel's Request for Attorneys' Fees Are Reasonable

Two other Objectors (Bhagat and Delling) challenge Class Counsel's fee request, arguing that it is an "exorbitant and abusive … money grab" (ECF 107) and referring to Class Counsel as a "disgrace" (ECF 106).  To the contrary, the requested amount of $4,000,000.00, representing 25% percent of the total value of the proposed Settlement of $16,000,000, is on par with awards routinely granted in the First Circuit and across the country. Class Counsel undertook this case on a contingency basis and advanced the cost of the litigation. Bhagat and Delling's assertion that counsel in these types of cases are overcompensated is unfair, and, if accepted, would result in the absence of lawyers willing to undertake this risky litigation, and potentially relieving companies of any liability for failing to protect consumer information or requiring companies to implement business practice changes to prevent future breaches.

This Court typically approves attorneys' fees of 25%. See *Boyd v. Pepsi Beverages Company et al*. 14-cv- 12289 (D. Mass Feb. 18, 2016) (a FLSA class action in which this Session allowed attorneys' fees of 25% of the total gross value of the settlement); *Kingsborough v. Sprint et al*., 14-cv-12049 (D. Mass. June 3, 2015) (a property rights dispute arising out of the installation of fiber-optic cable, in which this Court approved attorneys' fees of 25% of the total

gross value of the settlement. The Court conditioned approval of the settlement on the reduction of the originally proposed fee award to no more than 25% of the gross value of the settlement.)

Co-Lead Counsels' request of attorneys' fees of 25% of the Settlement Fund also falls squarely within the range of, if not below, awards approved in other data breach cases. *See Barletti v. Connexin Software, Inc*., No. 2:22-CV-04676-JDW, 2024 WL 3564556 (E.D. Pa. July 24, 2024) (awarding 1/3 of settlement fund as attorneys' fees and separately awarding $50,000 in expenses in data breach settlement); *In re Novant Health, Inc*., No. 1:22-CV-697, 2024 WL 3028443, at *12 (M.D.N.C. June 17, 2024) (awarding 1/3 of the settlement fund in a data privacy settlement); *In re Forefront Data Breach Litig*., No. 21-CV-887, 2023 WL 6215366, at *7 (E.D. Wis. Mar. 22, 2023) (awarding 1/3 of settlement fund as attorneys' fees in a data breach settlement); *In re Cap. One Consumer Data Sec. Breach Litig*., No. 119MD2915AJTJFA, 2022 WL 17176495, at *6 (E.D. Va. Nov. 17, 2022) (awarding attorneys' fees equal to 28% of the common fund); *In re Home Depot, Inc., Customer Data Sec. Breach Litig*., No. 1:14-MD-02583-TWT, 2016 WL 11299474, at *2 (N.D. Ga. Aug. 23, 2016) (awarding attorneys' fees equal to roughly 28% of the monetary benefit conferred to class in a data breach settlement).

The First Circuit has previously approved higher fees of 33.33% or one third of a common fund in fees, which appears to be presumptively reasonable. See *Roberts v. TJX Companies, Inc*., 2016 WL 8677312, at *11 (D. Mass. Sept. 30, 2016) (approving 1/3 of the fund with lodestar cross-check); *Gordan v. Massachusetts Mut. Life Ins. Co*., 2016 WL 11272044, at *2 (D. Mass. Nov. 3, 2016) ("the one-third fee requested here is fair and reasonable"); *In re Stocker Yale, Inc. Sec. Litig*., 2007 WL 4589772, at *6 (D.N.H. Dec. 18, 2007) (awarding fees in the amount of 33% of settlement fund); *McCormick v. Festiva Dev. Grp., LLC*, 2011 WL 2457883, at * 1 (D. Me. June 20, 2011) (awarding fees in the amount of one third of settlement

fund); *Applegate v. Formed Fiber Techs., LLC*, 2013 WL 6162596, at \*1 (D. Me. Nov. 21, 2013) (same); *Bennett v. Roark Capital Grp., Inc*., 2011 WL 1703447, at \*2 (D. Me. May 4, 2011) (same); see also *Medoff v. CVS Caremark Corp*., 2016 WL 632238, at \*9 (D.R.I. Feb. 17, 2016) (awarding 30% of common fund and observing that "as several courts have concluded, 30% is not out of proportion with recovery percentages in large class action litigations."). Moreover, as detailed in Class Counsel's Memorandum in Support of the Motion for Attorney fees (ECF 104) other courts nationwide have—many times over—approved fee awards similar to the one requested here, often with much larger multipliers. Further, as of April 30, 2025, the award reflected a multiplier of approximately 3.12 based on Co-Lead Counsel's lodestar of $1,282,567.601, confirming the reasonableness of the fee request.

Finally, the fact that only two Class Members objected to the fee request weighs heavily in favor of granting it. *See In re The Mills Corp., Sec. Litig*., 265 F.R.D. 246, 262 (E.D. Va. 2009) ([T]he dearth of legitimate objections to the requested fee…enforces the reasonableness of that request in the Court's eyes."); *Jones v. Dominion Res. Servs., Inc*., 601 F. Supp. 2d 756, 763 (S.D. W. Va. 2009) (approving award of attorneys' fees where one class member objected to settlement, and finding "the Class Members to have demonstrated approval of the instant fee request and agreement to pay such an amount.")

In addition to costs, Class Counsel requested modest Service Awards of $2,000 per Representative Plaintiff, for their time and involvement in this lawsuit, for a total of $22,000. Although it is unclear whether Bhagat formally objects to the Service Awards request, Bhagat asserts without any basis that "the lawyers appear to have chosen these named Plaintiffs as instruments just to earn their huge fees." This baseless attack is unsupported by the facts of the

case and militates in favor of disregarding the balance of his letter, including his Ojection to the motion for attorney's fees.

### III.    CONCLUSION

For the foregoing reasons, the Court should overrule each of the three Objections, grant Final Approval of the Settlement, and award Class Counsel the attorneys' fees requested.

| Date: July 11, 2025 | Respectfully submitted, |
| --- | --- |
| | */s/ John Yanchunis*<br>John A. Yanchunis*<br>**MORGAN & MORGAN**<br>**COMPLEX LITIGATION GROUP**<br>201 North Franklin Street 7th Floor<br>Tampa, Florida 33602<br>T: (813) 223-5505<br>F: (813) 223-5402<br>jyanchunis@forthepeople.com<br><br>*/s/ James Pizzirusso*<br>James J. Pizzirusso*<br>**HAUSFELD LLP**<br>888 16th St. NW Suite 300<br>Washington, DC 20006<br>T: (202) 540-7200<br>jpizzirusso@hausfeld.com<br><br>***Interim Co-Lead Counsel***<br>***for the Class***<br>***\*Admitted Pro Hac Vice*** |