UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE HARVARD PILGRIM DATA SECURITY INCIDENT LITIGATION<br><br>This Document Relates To: All Cases | Case No. 1:23-cv-11211-NMG<br><br>Hon. Nathaniel M. Gorton |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On _April 4, 2025_ [DATE], this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF _98_) of the Settlement between the Representative Plaintiffs, on behalf of themselves and the Settlement Class, and Harvard Pilgrim Health Care, Inc. ("Harvard Pilgrim") and Point32Health, Inc. ("Point32Health") (together, "Defendants"), as memorialized in Exhibit _E_ (ECF _98_) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.[1]

On _May 27, 2025_ [DATE], pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, Settlement Class Members were apprised of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing.

On _July 28, 2025_ [DATE], the Court held a Final Approval Hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Amended Consolidated Class Action Complaint with prejudice. Prior to the Final Approval Hearing, Class Counsel filed a declaration

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning and/or definitions given to them in the Settlement Agreement, except as may otherwise be indicated.

from the Settlement Administrator confirming that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement and the award of attorney's fees, costs, and expenses.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for Attorneys' Fees and Expenses and Service Awards, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has subject matter jurisdiction. Specifically, the Court finds that the parties are minimally diverse, that there are more than 100 members of the Settlement Class, and that the amount in controversy exceeds $5,000,000, as required by 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Parties and Settlement Class Members.

2. The Settlement was entered into in good faith following arm's-length negotiations and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of Settlement Class Members. The Court finds

that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.  This Court grants final approval of the Settlement, including, but not limited to, the Releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, reasonable, adequate, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5.  The Settlement and every term and provision thereof—including, without limitation, the Releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6.  The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7.  Three objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement approval, and the objections are hereby overruled in all respects.

8.  All persons who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including, but not limited to, by appeal, collateral attack, or otherwise.

9.  A list of those persons who have timely and validly elected to opt out of the Settlement in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of _Anne Marie Mondi_ filed in advance of the Final Approval Hearing. That list is attached as Exhibit A to this Order. The persons listed in Exhibit A are not bound by the Settlement, or this Final Approval Order and Judgment, and are not entitled

to any of the benefits under the Settlement. Opt-Out Members listed in Exhibit A shall be deemed not to be Releasing Parties.

## CLASS CERTIFICATION

10. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All individuals residing in the United States whose Personal Information was impacted by the Data Security Incident—including all individuals who were notified of the Data Security Incident.
>
> The Settlement Class specifically excludes: (1) any Judge or Magistrate Judge presiding over the Action, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of the Defendants; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; (4) any persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Parties' Counsel; and (6) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Security Incident or who pleads nolo contendere to any such charge.

11. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that: the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the Representative Plaintiffs are typical of absent Class Members; the Representative Plaintiffs will fairly and adequately protect the interests of the Class as they have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy.

12. The Court grants final approval to the appointment of Madeline Docanto, Justin Dyer, Svea Elaine, Ruth Kidder, Daniel Neal, Danielle Olson, Girard Patterson, Tanya Peckham,

4

Margaret Donovan, Angela Rowntree, and Tracie Wilson as Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13. The Court grants final approval to the appointment of John A. Yanchunis of Morgan & Morgan and James J. Pizzirusso of Hausfeld LLP as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

### NOTICE TO THE SETTLEMENT CLASS

14. The Court finds that the Notice Plan, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15. The Court finds that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

### AWARD OF ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

16. The Court has considered Class Counsel's Motion for Attorneys' Fees, Expenses and Service Awards.

17. The Court awards Class Counsel 20% of the gross Settlement Fund [plus $131,000 for fees incurred since April 30, 2025] as an award of attorneys' fees and $ 50,000 as an award of costs and expenses to be paid in

5

accordance with the Settlement, and Service Awards of $ 2,000 for each Representative Plaintiff. The Court finds this amount of fees, costs, expenses and service awards to be fair and reasonable. This award of attorneys' fees, costs, expenses and service awards and any interest earned thereon, shall be paid from the Settlement Fund in accordance with the Settlement. This award of attorneys' fees, costs, expenses and service awards is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

## **OTHER PROVISIONS**

18.     The Parties to the Settlement shall carry out their respective obligations thereunder.

19.     Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to Settlement Class Members who submitted valid Claim Forms, pursuant to the terms and conditions of the Settlement.

20.     As of the Effective Date, each Settlement Class Member, including the Representative Plaintiffs, shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged Defendants, the Related Entities, and the Released Parties from all Released Claims.

21.     Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including the Representative Plaintiffs, shall, either directly, indirectly, representatively, on their own behalf or on behalf of any class or other person or entity, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action, regulatory action, arbitration, or court or other proceeding in this or any other forum (other than participation in the Settlement as provided herein) in which any Released Claim is asserted.

22. "Releasing Parties" or "Released Parties" means the Representative Plaintiffs and all Settlement Class Members who did not timely and validly opt out of the Settlement.

23. "Released Party" or "Released Parties" means Defendants, the Related Entities and each of their past or present parent companies, subsidiaries, divisions, related or affiliated individuals and entities, divisions, successors, predecessors (including companies they have acquired, purchased or absorbed), subcontractors, assigns and joint venturers, and each of their respective successors, predecessors, officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds, indemnities, insurers and reinsurers, past, present, and future, and all persons acting under, by or through, or in concert with any of them, and includes without limitation, any Person related to any such entities who is, or could have been named as a defendant in the Action.

24. "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including but not limited to monetary sanctions, penalties or damages for contempt, injunctive or declaratory relief, mandamus, rescission, reformation, restitution, disgorgement, constructive trust, general, direct, compensatory, exemplary, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, statutory damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown (including Unknown Claims), suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to or are connected in any way with the Data Security

Incident, any legal, factual, or other allegations in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal, or administrative body (including but not limited to any state, local, or federal regulatory body).

25. For the avoidance of doubt, Released Claims are to be construed broadly and include, without limitation, any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States (including, without limitation, any causes of action under the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100 *et seq.* and any similar statutes in effect in the United States or in any state in the United States); causes of action under the common or civil laws of any state in the United States, including but not limited to: unjust enrichment, negligence, bailment, conversion, negligence *per se*, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, intrusion upon seclusion, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitution of the United States or of any state in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court or administrative agency of the United States, for damages, injunctive relief, restitution, mandamus, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

26. "Unknown Claims" means any and all Released Claims that any Representative Plaintiff or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Representative Plaintiffs and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Representative Plaintiffs and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims is a material element of the Settlement Agreement of which this release is a part.

27. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall constitute a final and complete resolution of all disputes between the Parties with respect to the Action. The Settlement compromises claims that are contested and shall not be deemed an admission by the Parties as to the merits of any claim or defense *provided, however,* that nothing in the foregoing, the Settlement,

or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

28.     The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

29.     The Court hereby dismisses the Action and the Amended Consolidated Class Action Complaint and all claims therein on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment.

30.     Consistent with Paragraph 14 of the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

31. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

32. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Approval Order and Judgment.

ENTERED: _____Aug. 4_____, 2025

_____
Hon. Nathaniel M. Gorton
UNITED STATES DISTRICT JUDGE